UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TODD STOCKHEIMER,<br>  Plaintiff,<br><br>v.<br><br>HANOVER INSURANCE CO, and<br>CITIZENS INSURANCE COMPANY<br>OF AMERICA,<br>  Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | 3:15-cv-00213-WWE |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

  In this action, plaintiff Todd Stockheimer alleges that defendants Hanover Insurance Co ("Hanover") and Citizens Insurance Company of America ("Citizens") breached their respective duties to defend a third party, Dr. Hindes, in an earlier action by plaintiff against Hindes.  The prior action stemmed from Hindes' improper provision of narcotic prescriptions to plaintiff.  Plaintiff was awarded $3,500,000 after successfully contending that his dependency on such medication was caused by the negligence of Hindes.  In the instant case, plaintiff submits that defendants breached their duty to defend Hindes under applicable homeowners and umbrella insurance policies.

  Defendants have moved for summary judgment in their favor on the ground that the defendants did not breach their contracts by denying coverage and refusing to defend their insured, Hindes, in the action brought against him by plaintiff.

### DISCUSSION

  A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Only when reasonable minds could not

differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. American International Group, Inc. v. London American International Corp., 664 F.2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Anderson, 477 U.S. at 249.

**Duty to Defend**

"It is the function of the court to construe the provisions of the contract of insurance." Gottesman v. Aetna Ins. Co., 177 Conn. 631, 634 (1979). "If an allegation of the complaint falls even possibly within the coverage, then the insurance company must defend the insured." Moore v. Continental Cas. Co., 252 Conn. 405, 409 (2000). Insurance policy words must be accorded their ordinary and natural meaning, and any ambiguity in the terms of the policy must be construed in favor of the insured. Hansen v. Ohio Cas. Ins. Co., 239 Conn. 537, 542 (1996). "The determinative question is the intent of the parties," as disclosed by the policy terms viewed in their entirety. Community Action for Greater Middlesex County, Inc. v. American Alliance Ins. Co., 254 Conn. 387, 399 (2000). A policy should be taken as a whole and all of its relevant

provisions considered in connection with each other.  <u>A.M. Larson Co. v. Lawlor Ins. Agency</u>, 153 Conn. 618, 622 (1966).

In the underlying case, plaintiff stated claims against Hindes for negligently providing narcotic prescriptions resulting in plaintiff's dependency.  Among other cited reasons, defendants denied coverage on the ground that plaintiff's dependency resulted from the possession and use of a controlled substance, as defined by the Federal Food and Drug Law.

Citizens' Homeowners Policy with the insured contains the following language:

> **Coverage E - Personal Liability** and **Coverage F - Medical Payments to Others** do not apply to "bodily injury" or "property damage" . . . Arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a Controlled Substance(s) as defined by the Federal Food and Drug Law at 21 U.S.C.A. Sections 811 and 812.  Controlled Substances include but are not limited to cocaine, LSD, marijuana and all narcotic drugs.  However, this exclusion does not apply to the legitimate use of prescriptions drugs by a person following the orders of a licenced physician.

Hanover's Umbrella Policy with the insured contains the following language:

> "We" will not cover any liability arising from . . . "Bodily injury," "personal injury" or "property damage" arising out of the sale, manufacture, delivery, transfer or possession by any person of a Controlled Substance(s).  Controlled substances are defined by Federal Food and Drug Law at 21 U.S.C.A. Sections 811 and 812.  Controlled Substances include, but are not limited to, cocaine, LSD, marijuana and all narcotic drugs.  This exclusion does not apply to the legitimate use of prescription drugs by a person following the orders of a licensed physician.

A policy that contains such broadly worded exclusions for controlled substances conveys the parties' intention to exclude liability for bodily injury resulting from those controlled substances.  Plaintiff argues that he "developed his dependency not solely based upon his possession or use of the narcotics, but also on his ability to have access to the narcotic prescriptions, which access was occasioned by the defendants' having negligently provided him

3

with numerous prescriptions." However, to so construe the language of the exclusionary clauses would deprive them of all meaning and purpose. See Flint v. Universal Mach. Co., 238 Conn. 637, 649 (1996).

The parties clearly intended exclusions for bodily injury arising from controlled substances, including narcotic pain medication. Here, the torture of words is required to assert that plaintiff's bodily injury arose not from the narcotics themselves but from his access to the narcotics. See Hammer v. Lumberman's Mut. Cas. Co, 214 Conn. 573, 584 (1990). In light of the above exclusions, and given the explicitly listed exception to the exclusions for "legitimate use of prescription drugs by a person following the orders of a licensed physician," no objectively reasonable policyholder could expect to be protected in these circumstances. See R.T. Vanderbilt Co., Inc. v. Continental Cas. Co., 273 Conn. 448, 463 (2005) ("[T]he policyholder's expectations should be protected as long as they are objectively reasonable from the layman's point of view."). Accordingly, defendants' motion for summary judgment will be granted.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [Doc. # 13] is GRANTED. The Clerk is instructed to close this case.

Dated this 5th day of January, 2016.

    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE